## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                Case No. 5:18-CR-40006-HLT

WILLIAM ALEXANDER JOHNSON,

      Defendant.

### MEMORANDUM AND ORDER

Defendant William Johnson moves for reduction in sentence or compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 141. Defendant argues that the global COVID-19 pandemic and his health conditions warrant a reduction in his sentence or, in the alternative, a reduction to time served with an added 18-month term of home confinement. For the reasons set forth below, the Court grants the motion. The Court reduces Defendant's sentence to time served but adds an 18-month term of home confinement as a condition of supervised release.

## I.  BACKGROUND

On November 20, 2018, Defendant pleaded guilty to one count of conspiracy to possess with the intent to distribute a controlled substance. Doc. 77 at 1. He was sentenced to 58 months in prison, with a three-year term of supervised release. Doc. 98 at 2-3. He is currently incarcerated at FCI Lompoc (Low), and his projected release date is February 7, 2022. Doc. 141 at 4.

Defendant is 51 years old. Defendant contends that he has already been infected with COVID-19 while in prison but that the extent of his recovery or chances of reinfection are unclear. He also suffers from several underlying health conditions that put him at higher risk of complications from COVID-19, including chronic kidney disease, type-2 diabetes, hypertension, and obesity. Although he is listed as "recovered," Defendant contends he remains vulnerable to

further illness and complications that are exacerbated by continued imprisonment. *See id.* at 3-7, 15-16. Defendant also contends that FCI Lompoc has one of the worst COVID-19 outbreaks in the federal prison system. *Id.* at 7-9.

## II.     STANDARD

Defendant seeks relief under 18 U.S.C. § 3582. That statute permits a court to modify a term of imprisonment that has begun "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). After considering the factors in 18 U.S.C. § 3553(a), a court may grant relief if it finds that "extraordinary and compelling reasons warrant such a reduction" and that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Defendant bears the burden of establishing that compassionate release is warranted, and it is a matter of the Court's discretion. *United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. 2020).

The policy statement is found in the United States Sentencing Guidelines § 1B1.13. That policy statement incorporates the "extraordinary and compelling" requirement and adds the requirement that the defendant not be a danger to the safety of any person or the community. Application Note 1 lists four reasons that meet the "extraordinary and compelling" requirement, including the serious medical condition of the defendant, the defendant's age, family circumstances, and a fourth catchall for "other reasons."

To establish that a medical condition is an extraordinary and compelling reason, Application Note 1 to § 1B1.13 states that a defendant must either be suffering from a terminal illness, or else suffer from a serous medical condition, functional or cognitive impairment, or age-

related deterioration in physical or mental health that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

## III.   ANALYSIS

Defendant's counsel sent a letter to the warden of FCI Lompoc on May 19, 2020, requesting compassionate release. Doc. 141-5. The letter was acknowledged as received, and more than 30 days has passed with no response. *See* Doc. 141-6; Doc.141 at 9-10. The parties agree that the exhaustion requirement has been met here. Doc. 141 at 10; Doc. 146 at 6; *see also United States v. Younger*, 2020 WL 3429490, at *2-3 (D. Kan. 2020).

The government notes—correctly so—that the existence of COVID-19 in and of itself is not an extraordinary and compelling reason. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). But the government also acknowledges that COVID-19 coupled with an inmate who has chronic medical conditions that elevate the inmate's risk of becoming seriously ill may meet the standard of "extraordinary and compelling reasons." Doc. 146 at 11-12 ("Thus, an inmate that presents with one of the named CDC factors, as confirmed by medical records, and who is not expected to recover from that condition, is deemed to have established an extraordinary and compelling reason allowing for compassionate release . . . ."). Based on that, the government concedes that Defendant's medical conditions qualify as extraordinary and compelling circumstances. *Id.* at 13 (noting that "the government is constrained to concede that he presents a series of medical conditions that qualify as extraordinary and compelling circumstances for this Court's consideration of a sentence reduction").

Accordingly, the only dispute is consideration of the factors under 18 U.S.C. § 3553(a).[1] Those factors include (1) the nature and circumstances of the defendant's offense and his history and characteristics; (2) the need that the sentence reflect the seriousness of the crime, respect for the law, just punishment, adequate deterrence, and serve the needs of the public and the defendant; (3) the types of sentences available; (4) the sentencing range for the offense committed; and (5) the need to avoid unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a)(1)-(7).

Here, Defendant committed a serious crime and received a below-guideline range sentence. In imposing this sentence, the Court considered Defendant's post-indictment conduct and each party's recommended sentence. The Court imposed the recommended sentence based, in part, on its evaluation of the § 3553(a) factors. The Court specifically remembers the sentencing hearing, and Defendant appeared generally contrite and remorseful for his own conduct and for engaging his wife in criminal conduct. Defendant has now served more than half of that time.

The government contends that "releasing the defendant undervalues the gravity of the crime that he committed and the need to provide just punishment under the circumstances." Doc. 146 at 14. Although the original sentence was appropriate when imposed and the committed crime serious, the Court must also recognize the current risk to Defendant from continued incarceration in light of his multiple serious medical conditions and the COVID-19 pandemic. Any disparity in sentencing between Defendant and similar offenders must be considered against Defendant's heightened risk due to his serious medical conditions—something acknowledged by all parties to be extraordinary and compelling circumstances.

---

[1] The government also concedes that Defendant is "not a danger to the public per se," Doc. 146 at 14, which addresses the other policy condition of United States Sentencing Guidelines § 1B1.13(2).

Accordingly, although the Court will exercise its discretion under 18 U.S.C. § 3582 and order his release from incarceration. However, as requested in the alternative, Doc. 141 at 3, the Court will impose an 18-month term of home confinement as a condition of his supervised release.

## IV.   CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's motion for reduction in sentence or compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 141) is GRANTED. The Court reduces Defendant's sentence to time served.

THE COURT FURTHER ORDERS that the following additional condition for Defendant's supervised released is imposed: Defendant shall be placed on home confinement for a period of 18 months. During this time, Defendant shall remain at his place of residence except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the U.S. Probation Officer. Defendant shall be required to wear a location monitoring device, which will include Radio Frequency, Global Positioning System and/or Random Tracking at the discretion of the U.S. Probation Officer, and Defendant shall abide by all technology requirements. Defendant shall follow all location monitoring procedures specified by the U.S. Probation Officer, and Defendant must contribute to the cost, to the extent that he is financially able to do so, as directed by the Court or the U.S. Probation Officer. All previously imposed terms and conditions of Defendant's supervised release remain in effect.

THE COURT FURTHER ORDERS that this order is stayed for up to ten days for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than ten days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

IT IS SO ORDERED.

Dated: July 27, 2020                     /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE